IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYUKOSSO OJONG<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>BM ELITE GROUP, LLC<br>d/b/a TEABOW RESIDENTIAL<br>519 C Street NE<br>Washington, DC 20002<br><br>WALTER STAFON BOWMAN, SR.<br>312 Lismore Drive<br>Fort Washington, MD 20744<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1.  Defendants are real estate developers with a practice of misclassifying their construction workers and office staff as independent contractors. Plaintiff was no exception. In addition to misclassifying Plaintiff, Defendants paid him just $500.00 a week — a salary that denied him both minimum and overtime wages. Moreover, for his last two weeks of work, Defendants paid Plaintiff nothing. Finally, at no point did Defendants provide Plaintiff with paid time off, despite their written promise to provide paid personal days and their statutory obligation to provide paid safe and sick leave.

2.  Plaintiff brings this action to recover damages for Defendants' willful failure to (a) pay regular, minimum, and overtime wages, (b) reimburse for work related travel expenses, (c) pay promised and unused personal days, and (d) provide safe and sick leave. Plaintiff brings his claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District

of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a majority of parties reside in this district or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Ayukosso Ojong is an adult resident of Montgomery County, Maryland.

6. Defendant BM Elite Group, LLC is a District of Columbia limited liability company. It does business as TeaBow Residential. Its principal place of business is located at 519 C Street NE, Washington, DC 20002. Its registered agent for service of process is Walter Bowman, Sr., 519 C Street SE, Washington, DC 20002.

7. Defendant Walter Stafon Bowman, Sr. is an adult resident of Maryland. He resides at 312 Lismore Drive, Fort Washington, MD 20744. He is an owner and officer of Defendant BM Elite Group, LLC. He exercises control over the operations of BM Elite Group, LLC — including its pay practices.

## Factual Allegations

8. On April 16, 2019, Plaintiff and Defendants agreed that Plaintiff would start to work for TeaBow Residential.

9. On April 16, 2019, Plaintiff and Defendants specifically agreed that Plaintiff would be a "1099 employee" for the first 100 days, and that he would "become a W-2 employee" after the first 100 days.

10. Plaintiff worked for Tea Bow Residential from April 16, 2019 through November 8, 2019.

11. From April 16, 2019 through November 8, 2019, Plaintiff worked exclusively for Tea-Bow Residential.

12. At all relevant times, Plaintiff worked primarily in the District of Columbia.

13. At all relevant times, Plaintiff worked primarily out of Defendants' office, located at 519 C Street NE, Washington, DC 20002.

14. At all relevant times, Plaintiff worked at TeaBow Residential as a "junior accountant."

15. Plaintiff's job duties at TeaBow Residential primarily consisted of entering payroll data, organizing invoices, and drafting checks for Defendant Bowman's signature. Plaintiff also drove to Defendants' construction sites to deliver uniforms, personal protective equipment, and materials such as tiles, faucets, and light fixtures.

16. At all relevant times, Defendants assigned Plaintiff an office space that he shared with at least two other individuals, including Defendant Bowman's executive assistant, Michelle, and LaVar Rich, Defendants' in-house realtor and property manager.

17. At all relevant times, Defendants provided Plaintiff with a desk and a computer.

18. At all relevant times, Defendants provided Plaintiff with training on how to best perform his assigned duties.

19. At all relevant times, Plaintiff was required to conform to Defendants' dress code of business casual. But on Fridays, Defendants gave Plaintiff the option of wearing a polo shirt that bore Defendants' company logo.

20. Plaintiff typically worked nine to ten hours a day, Monday through Friday.

21. In addition to working Monday through Friday, Plaintiff was also required to work on some weekends.

22. Plaintiff was required to attend Defendants' corporate events on the weekends, such as client appreciation events or quarterly meetings.

23. On average, Plaintiff worked approximately forty-eight hours per week.

24. At all relevant times, Defendants paid Plaintiff a biweekly salary of $1,000.00.

25. At all relevant times, Defendants paid Plaintiff an effective hourly rate of $10.42 per hour ($1,000.00 ÷ 96 hours = $10.42).

26. At all relevant times, Defendants required Plaintiff to clock in and out of work.

27. At all relevant times, Defendants paid Plaintiff by either check or direct deposit.

28. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

29. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

30. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

31. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

32. D.C. law requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

33. Moreover, Defendants did not pay Plaintiff his regular promised wage for some of his time worked.

34. Defendants paid Plaintiff nothing for his last two weeks of work.

35. Defendants owe Plaintiff approximately $7,411.00 in unpaid regular, minimum, and overtime wages, excluding liquidated damages.

36. Defendants also failed to reimburse Plaintiff for gas expenses and mileage that he incurred in the performance of his job duties.

37. D.C. law requires employers to "pay the cost of travel expenses incurred in the performance of the business of the employer." See 7 D.C.M.R. § 909.1

38. Plaintiff regularly used his personal vehicle to perform his job duties and Defendants never reimbursed him for those travel expenses.

39. In total, Plaintiff traveled approximately 4,200 miles in the performance of his job duties. For his unreimbursed travel expenses, Defendants owe him approximately $2,436.00 ($0.58 per mile), excluding liquidated damages.

40. Additionally, when Plaintiff agreed to work for Defendants on April 16, 2019, Defendants had promised to provide Plaintiff with seven days of paid personal time off after his first 100 days of work.

41. Defendants owe Plaintiff seven days of personal time off valued at $784.00 (seven days × eight hours × $14.00 minimum wage), excluding liquidated damages.

42. Defendants never provided Plaintiff Ojong with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

43. Defendants should have provided Plaintiff with 4.2 days of paid safe and sick leave in 2019.

44. Defendants also owe Plaintiff statutory damages of $2,100.00 — $500.00 for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

45. Defendant Bowman personally hired Plaintiff.

46. Defendant Bowman set Plaintiff's work schedule.

47. Defendant Bowman set Plaintiff's salary.

48. Defendant Bowman signed Plaintiff's paychecks.

49. Defendant Bowman supervised Plaintiff.

50. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

51. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

52. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

53. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

54. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

55. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

56. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

57. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

58. For example, Defendants had two or more employees who handled construction materials such as tiles and lumber that had been produced outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

59. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

61. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

62. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

63. Defendants' violations of the FLSA were willful.

64. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

65. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

66. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

67. The DCMWA requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

68. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

69. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

70. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked more than forty hours in any one workweek.

71. Defendants' violations of the DCMWA were willful.

72. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

73. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

74. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

75. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

76. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

77. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages, accrued paid leave, and reimbursement for travel expenses. D.C Code § 32-1301(3).

78. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages, accrued paid leave, and reimbursement for travel expenses.

79. Defendants' violations of the DCWPCL were willful.

80. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damage, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
### FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

81. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

9

82. Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-131.01.

83. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

84. Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

85. For Defendants' violations of the ASSLA, Defendants owe Plaintiff statutory damages of $500.00 for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

86. For Defendants' violations of the ASSLA, Defendants are liable for statutory damages, Plaintiff's reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$51,751.40**, and grant the following relief:

    a. Award Plaintiff $42,524.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff $2,100.00, consisting of the following:

      i.      $2,100.00 in statutory damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $6,727.40);

e.      Award Plaintiff court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: May 16, 2020                                      Respectfully submitted,

                                                          /s/ Justin Zelikovitz
                                                          JUSTIN ZELIKOVITZ, #986001
                                                          DCWAGELAW
                                                          519 H Street NW
                                                          Washington, DC 20001
                                                          Phone: (202) 803-6083
                                                          Fax: (202) 683-6102
                                                          justin@dcwagelaw.com

                                                          *Counsel for Plaintiff*